**Ronald KLEIN, D.M.M., Appellant,**

v.

**Paul WEISBERG, M.D., and
Robert Mowery, M.D.**

Superior Court of Pennsylvania.

Argued Oct. 29, 1996.

Filed April 30, 1997.

Reargument Denied July 2, 1997.

Edward Rubin, Lansdale, for appellant.

J. Michael Doyle, Philadelphia, for Weisberg, appellee.

David A. Soltz, Philadelphia, for Mowery, appellee.

Before CAVANAUGH and BECK, JJ., and CERCONE, President Judge Emeritus.

BECK, Judge.

We decide whether the "two disease rule" as first stated in our asbestos cases,[1] is applicable in a malpractice action where a plaintiff claims as a measure of damages increased risk and fear of liver cancer. We find the two disease rule is applicable and plaintiff-appellant cannot successfully assert as a measure of damages the increased risk and fear of liver cancer.

---

1. *See* cases from *Marinari v. Asbestos Corp.*, 417 Pa.Super. 440, 612 A.2d 1021, (1992) (en banc) to *Simmons v. Pacor, Inc.*, 543 Pa. 664, 674 A.2d 232 (1996).

In September, 1982, plaintiff-appellant Ronald L. Klein was treated by defendant-appellee Robert Mowery, M.D., for purposes of obtaining a hepatitis B vaccine. Blood tests were performed and revealed elevated liver-associated enzymes. As a result of these test results, appellant was referred to defendant-appellee Paul Weisberg, M.D., who diagnosed appellant as having non-A, non-B hepatitis. Appellant saw Dr. Mowery on several more occasions in 1983 and 1984. On December 4, 1990, a liver biopsy was performed on appellant by Harvey Licht, M.D., and hemochromatosis and cirrhosis were diagnosed.

Appellant filed this action against Drs. Mowery and Weisberg, claiming that their negligence in failing timely and properly to diagnose his liver condition caused him to suffer injuries, including hemochromatosis and cirrhosis of the liver, sterility, painful and unnecessary treatments, and treatments that were made less effective by the delayed diagnosis.[2] Appellant also alleged that appellees' negligence had increased his risk of developing liver cancer.

Prior to trial, upon learning that appellant sought a jury instruction on increased risk of cancer, appellees filed a motion *in limine* with the court, seeking to preclude any evidence on claims of increased risk and/or fear of liver cancer. The motion *in limine* did not address the remaining claims made by appellant, *i.e.*, increased harm caused by delayed diagnosis. These latter claims had earlier been challenged in defense motions for summary judgment. Specifically, the appellees argued in these motions that appellant's expert reports did not sufficiently establish the requisite standard of care and did not establish causation to the required degree of medical certainty. These motions for summary judgment were denied by the Honorable Joseph D. O'Keefe.

On January 22, 1996, during proceedings on the matter before the Honorable Howland W. Abramson, the judge granted the motion *in limine* regarding increased risk and/or fear of cancer and permitted appellant to create a record regarding the case he would have presented if the motion *in limine* had been denied. During this colloquy, Judge Abramson conceded that he was dismissing the claims for increased risk and/or fear of cancer explicitly raised in the motion *in limine*, and that he also was dismissing the remaining claims of increased harm caused by delayed diagnosis because of insufficient expert testimony. Appellant then "stipulated on the record that this Order was case dispositive" and that the "judge has in effect dismissed all claims for damages by his ruling and that there's no need to pursue a trial because there would be no damages to submit to the jury."

On January 29, 1996, the court issued an order which essentially made two legal holdings: 1) fear and/or increased risk of cancer are not cognizable claims under our current case law regarding the "two-disease rule" and 2) appellant's proffered expert testimony was insufficient as a matter of law to support his claims for increased harm caused by delayed diagnosis.[3]

We turn to the merits of appellant's arguments on appeal. Appellant first argues that the trial court erred in holding that the "two disease" rule applies to preclude appellant's claim of fear and/or increased risk of cancer. We hold that the trial court correctly decided to preclude evidence on this particular claim.

In *Marinari v. Asbestos Corp.*, 417 Pa.Super. 440, 612 A.2d 1021 (1992) (en banc), we expressly held that a plaintiff with one asbestos-related injury, such as pleural thickening, may commence a separate action for new asbestos-related injuries, such as lung can-

---

**2.** The claim in such cases is not that the defendant *caused* the alleged harm, since the patient might have developed it anyway, but that the defendant *increased the harm* by delaying the diagnosis and/or treatment.

**3.** The court erroneously characterized its order as a compulsory nonsuit. From our review of the procedural posture of this case, it is clear that the proper characterization of the trial court's order is summary judgment. Our review of the grant of a motion for summary judgment is plenary, and we must decide whether the court erred in holding that there was no genuine issue of material fact and that appellees were entitled to judgment as matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979); *Curran v. Children's Service Center*, 396 Pa.Super. 29, 578 A.2d 8 (1990).

cer, if and when such additional conditions develop. By applying this "two-disease" rule in asbestos cases, we have acknowledged that in certain personal injury lawsuits, it would be unfair and unwieldy to require a plaintiff with one disease to bring a single action for all possible permutations of that disease, despite the fact that additional conditions or symptoms have not yet developed and in fact may never develop.

Before adoption of the two disease rule, the statute of limitations proved fatal to the second action and otherwise forced plaintiffs to include all types of potential injuries, no matter how speculative, in a single action. Since adoption of the rule, it has been applied to preclude recovery for fear and/or increased risk of lung cancer in asbestos cases, the rationale being that if cancer ever develops, the plaintiff will be permitted to sue for that actual injury at that time. *Giffear v. Johns–Manville Corp.*, 429 Pa.Super. 327, 632 A.2d 880, 888–89 (1993).

We have applied this reasoning in other "fear of contracting disease" cases. In *Lubowitz v. Albert Einstein Med. Center*, 424 Pa.Super. 468, 623 A.2d 3 (1993), we similarly held that the "fear of AIDS" was not a legally cognizable injury. We declined to allow recovery of "monetary damages for a risk or fear of developing AIDS in the future." *Id.* at 471, 623 A.2d at 5. Our supreme court has recently confirmed in *Simmons v. Pacor, Inc.*, 543 Pa. 664, 674 A.2d 232 (1996), that damages for fear of cancer are simply too speculative for recovery. "The actual compensation due to the plaintiff can be more accurately assessed when the disease has manifested." *Id.* at ——, 674 A.2d at 238.

■ We believe this reasoning is equally applicable here. Just as a plaintiff with pleural thickening is more likely to develop lung cancer than people in the general population, appellant, who has hemochromatosis and cirrhosis of the liver, has a higher risk of

developing liver cancer than do people with healthy livers. However, our law does not permit recovery for these "increased risk" claims. Appellant may seek recovery of damages only for the non-speculative injuries he currently suffers.

This brings us to appellant's second argument on appeal, which involves his claim for increased harm due to delayed diagnosis of his liver condition. Appellant asserts that the court's dismissal of this claim based on insufficient expert testimony improperly overruled a coordinate judge's earlier denial of summary judgment on the same issue. We agree.[4] In its recent decision in *Goldey v. Trustees of Univ. of Pennsylvania*, 544 Pa. 150, 675 A.2d 264 (1996), the supreme court again confirmed the viability of the general rule that one judge should not ordinarily overrule the interlocutory decision of another judge of the same court in the same case:

> Where the motions differ in kind, ... a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion. However, a later motion should not be entertained or granted when a motion *of the same kind* has previously been denied, unless intervening changes in the facts or the law clearly warrant a new look at the question.

*Id.* at 155–56, 675 A.2d at 267 (emphasis in original). *See also Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827 (1989).

In this case, appellees had filed motions for summary judgment based on the insufficiency of the appellant's expert testimony. Specifically, appellees argued that the expert did not set forth the applicable standard of care in 1982 and did not render an opinion to a reasonable degree of medical certainty that the alleged injuries were caused by appellees' negligence. Judge O'Keefe denied these motions for summary judgment.

---

**4.** Appellee Dr. Mowery argues that appellant waived this argument by not raising it in his opposition to appellees' motion *in limine*. Of course, appellant would not have raised this issue in response to the written motion *in limine*, which addressed only the fear and/or increased risk of cancer claim, and which was not before

Judge O'Keefe or decided by his earlier order. Once it became clear that Judge Abramson intended to dismiss the entire case, including claims that had earlier withstood attack by summary judgment motions, appellant's counsel did raise and preserve his argument on the coordinate judges rule.

■ Appellees then made a joint motion *in limine* to preclude evidence regarding fear and/or increased risk of cancer, which Judge Abramson granted. Although the written motion *in limine* was actually based upon a different theory from that advanced in the earlier motion for summary judgment, and involved a different claim for relief, it is clear from the recorded colloquy that Judge Abramson ultimately dismissed the claim for increased harm on the same theory that was earlier rejected by Judge O'Keefe who refused to dismiss the claim.

> [THE COURT:] The motion is granted and plaintiff Dr. Ronald L. Klein is precluded from proffering any evidence in support of a claim for compensation for the risk and/or fear of future development of cellular carcinoma.... Who wants to put what on the record?
>
> MR. RUBIN [Plaintiff's counsel]: ... Your honor, let me first attempt to get a clarification of your order. With regard to the issue of the increased scarring or cirrhosis—that occurred as a result of the hemochromatosis not being diagnosed from 1982 to 1990—it is my understanding from our off-the-record discussion just previous to this on-the-record order, that because there would not be medical opinion as to the degree, if any, of scarring of the liver as a baseline as of 1982, *you were also precluding the plaintiff from seeking damages for increased scarring which led to cirrhosis, between 1982 when the plaintiff said that the diagnosis should have been made, and 1990 when the diagnosis was in fact peculiarly made of hemochromatosis.*
>
> THE COURT: *That's a correct summary. In short, informally you advised me Dr.*

*Van Ness is not in a position to create a profile of the plaintiff as of 1982 and all things emanate from that problem.*

To the extent Judge Abramson granted judgment as a matter of law in favor of appellees on the issues raised in the prior summary judgment motions, that is, on the issue of insufficient expert testimony on causation and damages, there was error. We therefore reverse the court's order on this issue and remand for further proceedings in accordance with this opinion.[5] We nonetheless affirm the court's preclusion of evidence on the issue of fear and/or increased risk of cancer because there can be no recovery for such a claim under Pennsylvania law.

Order affirmed in part and reversed and remanded in part. Jurisdiction relinquished.

CAVANAUGH, J., filed a concurring and dissenting opinion.

CAVANAUGH, Judge, concurring and dissenting.

I agree with the majority insofar as it affirms the trial court order which held that fear and/or increased risk of cancer is not a cognizable claim, but I respectfully disagree with that part of the majority disposition which vacates the rest of Judge Abramson's order on the basis that it impermissibly overruled a coordinate judge's earlier denial of summary judgment. The effect of this ruling is to remand for further proceedings which inevitably will include the conduct of a needless trial where the result would be the same as present but delayed until the end of the presentation of the plaintiff's case.[1]

I disagree with the proposition that the coordinate judge rule applies as I would de-

---

**5.** We recognize that our holding on this issue, as so aptly pointed out by Judge Cavanaugh in his Concurring and Dissenting Opinion, may result in the temporary protraction of this matter with "needless" trial proceedings. Application of the coordinate judges rule, however, often leads us to these impractical conclusions in the interest of preserving the integrity and finality of lower court decisions, and preventing judge-shopping. *See Goldey,* supra at 157, 675 A.2d at 267 (conducting trial when summary judgment is appropriate may be waste of resources but this "says nothing that is not true in every case where summary judgment has once been denied and a

second judge has a different view"). Judge Abramson's ruling, made as a matter of law on the same evidence and issues that were before Judge O'Keefe, was not the equivalent of a nonsuit. The grant of a compulsory nonsuit presumes the presentation of evidence, involves a different scope of review by the trial judge, and may be appealed only after the court has refused to take it off. Pa.R.Civ.P. 227.1, 42 Pa.C.S.

**1.** Appellant-plaintiff had stipulated that the court's order was case dispositive and that there was no need (if the order was correct) for a trial.

termine that the final order of Judge Abramson, who was the assigned trial judge, was a dispositive ruling analogous to a non-suit and was not subject to the coordinate judge prohibition since a trial court acting on the evidence at trial is free to disagree with the ruling of a fellow judge who has acted on a previous motion for summary judgment.

The usage of motions *in limine* has accelerated in recent years in both civil and criminal cases. Our appellate courts have not clearly dealt with the posture of these rulings insofar as appealability and appeal standards, nor have the applicable Rules of Civil Procedure furnished any guidance. *See e.g., Commonwealth v. Gordon,* 543 Pa. 513, 673 A.2d 866 (1996). (Four to three decision holding, in the criminal law context, that motions *in limine* are analogous to suppression motions and are appealable). I would hold that Judge Abramson's order was a final trial order tantamount to a non-suit and is thus appealable. Pa.R.A.P. 341(b)(1). I would further find that for the reasons stated in the trial court opinion, that the order of Judge Abramson should be affirmed in all respects and would, therefore, affirm the order of the trial court.