**Anthony KOVALCHICK and Helen Kovalchick, Appellants,**

v.

**B.J.'S WHOLESALE CLUB, Appellee,**

v.

**Benderson Development Co., Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 5, 2001.

Filed April 25, 2001.

James H. Burkhardt, Frackville, for appellants.

Joseph H. Riches, Philadelphia, for B.J.'s Wholesale Club, appellee.

J. Brian Johnson, Allentown, for Benderson Development, appellee.

Before DEL SOLE, P.J., BROSKY and POPOVICH, JJ.

DEL SOLE, President Judge:

¶ 1 Appellants, Anthony and Helen Kovalchick, appeal from the orders of the trial court granting B.J.'s Wholesale Club's ("B.J.'s") motion *in limine* and Additional Defendant Benderson Development Company, Inc.'s ("Benderson's") motion to dismiss. For the reasons set forth below, we quash this appeal.

¶ 2 Appellant Helen Kovalchick was allegedly injured when the shopping cart she was pushing along the sidewalk toward the main entrance of B.J.'s struck a protruding concrete block, causing her to strike the cart and fall to the ground, sustaining injuries. Appellants filed suit against B.J.'s, who in turn joined Benderson as an additional defendant. Benderson was the owner of the property on which B.J.'s wholesale club was located.

¶ 3 The case was scheduled for trial in May of 2000. Four days prior to the scheduled trial, B.J.'s filed a motion *in limine* seeking to bar the parties from introducing at the time of trial any evidence or argument contrary to the provisions of a written lease agreement between B.J.'s and Benderson. The interpretation of the lease agreement sought by B.J.'s had the effect of placing sole responsibility upon Benderson for the condition which Appellant alleged caused the injuries. After argument, the motion *in limine* was granted. At the same argument, Benderson made an oral motion to dismiss on the basis that the statute of limitations barred the joinder of Benderson by B.J.'s. The trial court granted this motion. Appellant's motion for reconsideration of these two orders was denied. Appellant now appeals.

¶ 4 Before we reach the merits of Appellant's claims, we must first determine whether this appeal is properly before us. Although neither Appellee raised the issue, the appealability of an order is a question of jurisdiction and may be raised *sua sponte. Swift v. Milner*, 296 Pa.Super. 463, 442 A.2d 1144, 1145 (1982). Rule 341 provides that an appeal as of right may be taken from a final order. Pa. R.A.P. 341. Any order or other form of decision that adjudicates fewer than all claims and all parties does not constitute a final order. Pa.R.A.P. 341. Although Benderson was dismissed from this action, B.J.'s was not. A ruling on a motion *in limine* is not a final order. Thus, because all claims against all parties have not been resolved, this appeal is premature and must be quashed.

¶ 5 Any characterization of the trial court's ruling on the motion *in limine* as a resolution of the parties' ultimate responsibility and the end of the case is necessarily

in error.[1] The court's interpretation of the lease provision between B.J.'s and Benderson cannot affect the responsibility that B.J.'s, as a possessor, owes to a business invitee. In addition, while direct recovery against the additional defendant may be prevented by its untimely joinder, such joinder does not exclude the potential for contribution or indemnification by Benderson to B.J.'s. *See Hughes v. Pron,* 286 Pa.Super. 419, 429 A.2d 9, 12 (1981). With these matters outstanding it is apparent that this appeal has not been taken from a final order and cannot be entertained.

¶ 6 In response to our esteemed colleague, Judge Brosky, and his dissenting opinion certain observations should be made. Initially, his references on pages 778 and 779 of the dissent, to statements by counsel for either B.J.'s or Benderson, are not binding on Appellant. One can easily understand Benderson agreeing that it is solely liable since it was not joined within the statute of limitations.

¶ 7 As Judge Brosky notes, counsel for Appellant continued to mention that B.J.'s remained liable to the plaintiff. Again, it is important to recognize

that B.J.'s liability to the plaintiff is *not* dependent on the lease agreement but rather it is dependent on the duty a possessor of land owes to a business invitee. Since the trial court order did not end the litigation between Appellant and B.J.'s it is not final.

¶ 8 The dissent's reliance on *Klein v. Weisberg,* 694 A.2d 644 (Pa.Super.1997) is misplaced since there the appellant "stipulated on the record that the order [to enter the motion *in limine* ] was case dispositive." In the matter sub judice, this is not the case.

¶ 9 Unlike the situation envisioned by Judge Cavanaugh in *Klein,* remand would not result in a useless exercise. Appellant can recover an award against B.J.'s and, if so, B.J.'s can seek contribution or indemnification from Benderson based on the lease provisions.

¶ 10 Appeal quashed.

¶ 11 BROSKY, J., files a dissenting opinion.

## DISSENTING OPINION BY BROSKY, J.

¶ 1 I respectfully disagree with the Majority's conclusion that the appeal in this matter is taken from an order that was not final under Pa.R.A.P. 341 and, accordingly, must be quashed. I would find that this Court, on the basis of *Klein v. Weisberg,* 694 A.2d 644 (Pa.Super.1997), should address the merits of the appeal from the trial court's disposition of the matter.

¶ 2 The trial court here ruled on two motions. First, after an evidentiary hearing, the trial court granted the original defendant, B.J.'s, motion *in limine.* This motion sought to preclude the introduction at trial of any evidence or arguments that would be contrary to the terms of a lease agreement between B.J.'s and its lessor, Benderson. At the commencement of the evidentiary hearing, the trial judge stated that, if the lease agreement is interpreted in the way that B.J.'s suggests, then B.J.'s is dismissed from the case and sole liability would be imposed on Benderson. (N.T., 5/22/00, at 2–3). Counsel for Benderson conceded that, if the plaintiffs, Kovalchicks, are successful in establishing liability, under the terms of the lease and from the discovery in the case, Benderson alone would be solely liable. (N.T., 5/22/00, at

---

**1.** We note that we are at a loss to understand how a lease can be interpreted and corresponding liability determined through a motion *in limine* as the trial court attempted to do.

3). Benderson's counsel stated on the record that Benderson was not opposed to a grant of the motion *in limine*, which "would leave B.J.'s out of the case". (N.T., 5/22/00, at 5). Benderson's counsel also requested that his client be dismissed from the case on the basis of untimely joinder under the applicable two-year statute of limitations. (N.T., 5/22/00, at 5).

¶ 3 Counsel for plaintiffs/Appellants then argued that, under his interpretation of the lease agreement, liability for Mrs. Kovalchick's injury would rest with B.J.'s. (N.T., 5/22/00, at 6–7). Counsel for plaintiffs/Appellants conceded that any direct claims that plaintiffs had against Benderson would be time-barred and that, if B.J.'s were still "in the case", any contribution action by B.J.'s against Benderson would be time-barred.[2] (N.T., 5/22/00, at 6–7). The following exchange then took place between the trial judge and counsel for plaintiffs/Appellants:

The Court:

But if B.J.'s [is] out of the case, if I grant the motion, that means that B.J.'s is out of the case, and you concede that Benderson is out.

Mr. Burkhardt:

As it stands right now, I would believe that we did not directly—the action was filed on March 24, 1997 solely against B.J.'s.

(N.T., 5/22/00, at 7).

¶ 4 After affording the parties an opportunity to settle the case, the trial judge returned on the record and granted B.J.'s motion *in limine*. The trial judge directed that the plaintiffs/Appellants and Benderson were barred from introducing at the time of trial any evidence contrary to the provision in the lease that was at issue.

**2.** The accident occurred on March 25, 1995. B.J.'s filed the third party complaint against Benderson on April 30, 1997, approximately

Additionally, the trial judge ordered that the liability to the plaintiffs/Appellants, if established, rested solely with Benderson. The trial judge then granted Benderson's oral motion to dismiss Benderson from the case, after giving counsel for plaintiffs/Appellants the opportunity to respond. (N.T., 5/22/00, at 15).

¶ 5 The trial court entered written orders on May 26, 2000, dated May 23, 2000, that set forth in writing the orders that were orally made at the hearing. Plaintiffs/Appellants sought reconsideration of the trial court's May 23, 2000 orders, asserting that, as a result of the concessions made by Benderson at the hearing, plaintiffs/Appellants were prejudiced and suffered unfair surprise three days before trial was scheduled to commence. Plaintiffs/Appellants asserted that, without the concessions, B.J.'s motion *in limine* should have failed. Plaintiffs/Appellants accordingly requested the trial court to reconsider its rulings on the motion *in limine* and the oral motion to dismiss.

¶ 6 Appellants filed a notice of appeal with this Court on June 20, 2000. The trial court denied reconsideration of the May 23, 2000 orders by an order entered on June 21, 2000.

¶ 7 On appeal, Appellants raise two issues:

A. Whether the [trial court] erred in permitting additional defendant to put forth evidence that was inconsistent with their pleadings three days prior to trial, thereby causing unfair surprise and prejudice to plaintiff?

B. Whether the [trial court] erred in holding that additional defendant was not a landlord out of possession in light of the fact that it was not given notice or

one month beyond the two-year statute of limitations. (N.T., 5/22/00, at 5).

an opportunity to repair the defective sidewalk?

Appellant's Brief at 7 & 8.

¶ 8 The trial court has filed an opinion pursuant to Pa.R.A.P.1925(a) in which it concludes that Appellants waived the first argument. As to the second argument, the trial court concludes from the lease and the evidence at the hearing that sole responsibility rests with Benderson. Trial Court Opinion, 9/1/00, at 4–5.

¶ 9 I disagree with the Majority's conclusion that this appeal was improperly taken as not from a final order under Pa.R.A.P. 341. As Judge Cavanaugh of this Court has observed, there are some cases in which the ruling on a motion *in limine* is a final trial order that is tantamount to a non-suit and is, thus, appealable under Pa.R .A.P. 341(b). *See Klein,* 694 A.2d 644, 648 (Cavanaugh, J., concurring and dissenting). Judge Cavanaugh further observed that there are situations in which a remand after an appeal from a ruling on a motion *in limine* results in a needless trial, where the result would be the same as the record presently stands but delayed until the presentation of the plaintiff's case.

¶ 10 Although Judge Cavanaugh made these observations in a concurring and dissenting opinion, I find them applicable to the present case and not lessened by the fact that they were not in a majority opinion. The majority decision in *Klein* explained that, in that case, a first trial judge had denied motions for summary judgment. A second trial judge then granted a motion *in limine.* The appellant stipulated on the record that the second trial judge's order, the ruling on the motion *in limine,* was dispositive of the case because the judge had in effect dismissed all claims by his ruling, and, if the ruling was correct, there was no need for a trial. The trial judge subsequently reduced his ruling on the motion *in limine* to writing. The appellant then filed an appeal with this Court from the trial court's order.

¶ 11 The majority in *Klein* found that the second trial judge had improperly overruled the first judge's, a coordinate judge's, earlier denial of summary judgment on the same issue. The majority affirmed the trial court's preclusion of certain evidence, however.

¶ 12 Judge Cavanaugh, in his concurring and dissenting opinion, agreed with the majority's decision on the preclusion of evidence, but disagreed with the portion of the remaining conclusion of the majority opinion that there had been an impermissible overruling of a coordinate judge. It was in this context that he made his observations concerning appellate review of a ruling on a motion *in limine* that has a dispositive effect. Under the procedural posture of the *Klein* appeal, the majority disagreed with Judge Cavanaugh's analogy to a grant of a compulsory non-suit, citing the problem with the review by a coordinate judge.

¶ 13 Here, there is no express stipulation by Appellants' counsel that there is no need for a trial, as there was in *Klein.* However, the responses by Appellants' counsel to the questioning by the trial judge at the evidentiary hearing suggest that, if the trial judge made the rulings that he did, counsel believed that there was no need for going to a trial if the order was correct. This is especially true since Appellants' counsel operated under the belief that, even if B.J.'s remained as a party, any contribution by B.J.'s against Benderson would be time-barred.

¶ 14 Although deciding to quash the appeal as premature, the Majority comments on the propriety of the trial judge's decision that B.J.'s has no liability and on the trial judge's decision to determine liability

through interpreting a lease agreement at a hearing on a motion *in limine*. The majority also comments on whether B.J.'s would be able to seek indemnity or contribution from Benderson after a trial. I believe that the appeal should be treated as having been filed from a final order of the trial court, as was done in *Klein*, and that we should address the merits of the issues raised to determine whether the challenged order was in error. I therefore respectfully dissent from my colleagues' decision to quash this appeal.