J-S39018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| KEVIN & LISA HOLLINGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JENNIFER DIETRICH, MICHELLE | : | No. 1623 MDA 2022 |
| MCCARTNEY, COLDWELL BANKER | : | |
| RESIDENTIAL BROKERAGE, LISA | : | |
| TIGER, ADVANCE REALTY, INC. | : | |
| D/B/A CENTURY 21 GOLD | : | |

Appeal from the Order Entered April 14, 2022
In the Court of Common Pleas of Berks County Civil Division at No(s):
20-03489

| KEVIN & LISA HOLLINGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JENNIFER DIETRICH, MICHELLE | : | No. 1624 MDA 2022 |
| MCCARTNEY, COLDWELL BANKER | : | |
| RESIDENTIAL BROKERAGE, LISA | : | |
| TIGER, ADVANCE REALTY, INC. | : | |
| D/B/A CENTURY 21 GOLD | : | |

Appeal from the Order Entered April 14, 2022
In the Court of Common Pleas of Berks County Civil Division at No(s):
20-03489

| KEVIN & LISA HOLLINGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |

|  | : |  |
| JENNIFER DIETRICH, MICHELLE | : | No. 1625 MDA 2022 |
| MCCARTNEY, COLDWELL BANKER | : |  |
| RESIDENTIAL BROKERAGE, LISA | : |  |
| TIGER, ADVANCE REALTY, INC. | : |  |
| D/B/A CENTURY 21 GOLD AND JOHN | : |  |
| DOES 1-10, JOHN DOE CORP. 1-10 | : |  |

Appeal from the Order Entered September 28, 2022
In the Court of Common Pleas of Berks County Civil Division at No(s):
20-03489

| KEVIN AND LISA HOLLINGER, HIS | : | IN THE SUPERIOR COURT OF |
| WIFE | : | PENNSYLVANIA |
|  | : |  |
| Appellants | : |  |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : | No. 1626 MDA 2022 |
| JENNIFER DIETRICH, MICHELE | : |  |
| MCCARTNEY, COLDWELL BANKER | : |  |
| RESIDENTIAL BROKERAGE, LISA | : |  |
| TIGER, ADVANCE REALTY, INC. | : |  |
| D/B/A CENTURY 21 GOLD AND JOHN | : |  |
| DOES 1-10, JOHN DOE CORP. 1-10 | : |  |

Appeal from the Order Entered July 19, 2021
In the Court of Common Pleas of Berks County Civil Division at No(s):
20 3489

| KEVIN AND LISA HOLLINGER | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
| Appellants | : |  |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| JENNIFER DIETRICH, MICHELE | : | No. 1629 MDA 2022 |
| MCCARTNEY, COLDWELL BANKER | : |  |
| RESIDENTIAL BROKERAGE, LISA | : |  |
| TIGER, ADVANCE REALTY, INC. | : |  |
|  | : |  |

- 2 -

D/B/A CENTURY 21 GOLD AND JOHN    :
DOES 1-10, JOHN DOE CORP. 1-10

Appeal from the Order Entered November 16, 2020
In the Court of Common Pleas of Berks County Civil Division at No(s):
20 3489

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JANUARY 3, 2024**

These consolidated appeals are filed from orders granting Appellee Jennifer Dietrich's motions in limine. Because these appeals are not properly before us, we quash.

Given our disposition, we briefly summarize the facts of the case which arises from the sale of a residential property in Wyomissing, Pennsylvania. Appellants Kevin and Lisa Hollinger purchased the property from Dietrich. Dietrich was represented in the sale by Appellees Michele McCartney and Coldwell Banker Residential Brokerage ("Coldwell Banker"). The Hollingers retained Appellees Lisa Tiger and Advance Realty, Inc. d/b/a Century 21 Gold ("Advance Realty") to assist them with the purchase. In March 2020, the Hollingers brought a complaint against Dietrich, McCartney, Coldwell Banker, Tiger, and Advance Realty. The complaint alleged all defendants either fraudulently or negligently concealed water infiltration, defective construction, and moisture damage at the property, in violation of the Unfair Trade Practices and Consumer Protection Law and the Real Estate Seller Disclosure Law.

The trial court ultimately granted summary judgment in favor of McCartney, Coldwell Banker, Tiger, and Advance Realty. The only remaining

defendant at that point was Dietrich. The court set a trial date to begin on October 4, 2022. Prior to trial, Dietrich filed several motions in limine. The trial court granted three of Dietrich's motions in limine, specifically her motion to exclude the expert testimony of the Hollingers' experts, her motion to exclude any agreement other than the Agreement of Sale due to the parol evidence rule and the integration clause contained in the Agreement of Sale, and her motion to exclude testimony regarding the Seller Disclosure Statement. The court found that Dietrich's remaining motion seeking to limit testimony regarding alleged water infiltration that occurred was moot because of the court's rulings on her other motions. *See* Trial Court Rule 1925(a) Opinion, filed 12/8/22, at 15-16. The court noted in its Rule 1925(a) Opinion that after it granted Dietrich's motions in limine, it "removed the case from the trial list as the [Hollingers] did not have a viable cause of action against any defendant in this matter." *Id.* at 15.

The Hollingers filed several appeals, including from the orders granting summary judgment in favor of four of the defendants, as well as from the orders granting Dietrich's motions in limine. This Court consolidated the appeals at Nos. 1623, 1624, 1625, 1626, and 1629 MDA 2022.

On January 23, 2023, this Court issued a rule upon the Hollingers to show cause as to the appealability of the trial court's orders since the orders were interlocutory, and it appeared no final order or judgment had been entered. In response, the Hollingers maintained that once Dietrich's three motions in limine were granted, all claims and all parties were disposed of,

- 4 -

and all the underlying orders became appealable. *See* Letter in Response to Rule to Show Cause, filed 2/8/23, at 2. The Hollingers thus argued that all the appeals are from final orders and none are interlocutory. *Id.* On March 17, 2023, the rule to show cause order was discharged, and the issue was referred to this panel.

"The appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Bailey v. RAS Auto Body, Inc.*, 85 A.3d 1064, 1067 (Pa.Super. 2014) (citation omitted). This Court may "inquire at any time, *sua sponte*, whether an order is appealable." *Id.* at 1068 (citation omitted).

"As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." *In re Bridgeport Fire Litigation*, 51 A.3d 224, 229 (Pa.Super. 2012) (citation omitted); *see also* Pa.R.A.P. 341(b) (stating a final order "disposes of all claims and of all parties"). "Any order or other form of decision that adjudicates fewer than all claims and all parties does not constitute a final order." *Kovalchick v. B.J.'s Wholesale Club*, 774 A.2d 776, 777 (Pa.Super. 2001) (citing Pa.R.A.P. 341). Relevant here, "[a] ruling on a motion in limine is not a final order." *Id.* (italics removed).

Instantly, the Hollingers argue that the orders granting Dietrich's motions in limine were final orders because they had the practical effect of disposing the remaining claims and parties. However, the orders granting Dietrich's motions in limine were not dispositive — they did not enter any final

judgments in Dietrich's favor nor make final determinations as to any specific claim or party. Rather, the orders simply precluded certain evidence, however significant it might have been. As this Court pointed out in ***Liberty State Bank v. Northeastern Bank of Pennsylvania***, 683 A.2d 889, 890 (Pa.Super. 1996), "[w]hile the court's grant of Appellee's [m]otion in [l]imine may have hampered Appellant's presentation of its case, at that point it was the responsibility of the parties to go forward with the case or for Appellee to file a [m]otion for [s]ummary [j]udgment the grant of which would have led to an appeal."

Further, there is no order on the docket striking the case from the trial list. Thus, since there were no final orders entered by the trial court, we lack jurisdiction. Accordingly, we quash the appeals and remand this case for further proceedings.

Appeals quashed. Case remanded. Jurisdiction relinquished.

This decision was reached prior to January 2, 2024, with Judge McCaffery's participation.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>01/03/2024</u>