CITY OF PAWTUCKET *vs.* A. F. & F. BRAY.

PROVIDENCE — APRIL 9, 1897.

PRESENT:  Stiness and Tillinghast, JJ.

An opening in the sidewalk of a public street, if properly constructed, is not a nuisance; but the persons negligently using it will be responsible for the injuries that may result from such negligent use.

One who is injured by the negligent use of such an opening may sue either the person negligently using the opening, or the municipality, or both.

A municipality having been sued for such injuries, and compelled to pay, may have its action over against the person primarily responsible for the injuries; and the defendants, having been duly notified to defend the original suit, are bound by the judgment in that suit.

A judgment recovered against a municipal corporation for injuries caused by a defect or obstruction in the highway is conclusive evidence of its necessary facts and conditions in a subsequent action by the municipality against a third person, the author of the defect or nuisance, who is liable over and who had notice of the first suit.

ACTION ON THE CASE to recover the amount paid to satisfy a judgment obtained for the negligent use of an opening in the sidewalk of a public street. Certified from the Common Pleas Division on waiver of jury trial.

STINESS, J. The defendants are the proprietors of a store on Main street in the city of Pawtucket, from the cellar of which they operate a freight elevator to the sidewalk in front of the store. The elevator well is covered by an iron grating, opening from the centre in two parts on hinges at the sides, at right angles from the front of the building. On the 26th of November, 1889, while they were using the elevator, Mrs. Julia Major, who was passing along the sidewalk about dusk, stepping sidewise, fell into the opening and was injured. She brought suit against the city of Pawtucket, and the defendants were notified to appear and defend it, as the city would look to them for any judgment which might be recovered. The case was tried, the defendants did not appear, and judgment was obtained against the city for the sum of $3,400, which has been paid. This suit is for reimbursement by reason of the ultimate liability of the defendants.

The right to reimbursement is recognized in *Bennett* .v *Fifield*, 13 R. I. 139, where the court says that if the town is forced to pay for the injury it will have an action over against the party who placed the obstruction in the highway. The case of *Hill* v. *Bain*, town treasurer, 15 R. I. 75, is a practical recognition of the same thing, because one reason assigned for overruling the demurrer to the town's plea of former judgment against the plaintiff, in favor of the alleged wrong-doer, was that if the wrong-doer should be notified to come in to defend the suit and should do so, he would be entitled to the benefit of his former judgment. But the only ground upon which he could assume the defence of the suit against the town is the right of the town to call upon him for reimbursement. See also the recent case of *Washington Gas Co.* v. *Dist. Columbia*, 161 U. S. 316, and Dill. Mun. Corp. 4 ed. § 1035 and cases cited.

We do not understand the defendants to deny that this

rule is established by the decided weight of authority, but they claim that under the decision of this court in *Adams* v. *Fletcher*, 17 R. I. 137, the fact of an opening in the sidewalk is not of itself a nuisance, and that the court must find that the defendants were negligent in the use of it.   We agree with the decision in that case that an opening in the sidewalk, if properly constructed, is not a nuisance ; and in that case, as well as in this, so far as appears, such was the fact.   But the case of *Adams* v. *Fletcher* was an action against the owner of a building, who had leased it to a tenant who was in occupation, and it was by the negligence of the tenant, or those who were serving him with coal, that the cover was left off at the time of the injury.   There was no negligence on the defendant's part.   But in this present suit the cause of the injury was the negligence of the servants of these defendants, and we see nothing in *Adams* v. *Fletcher* which excuses them.   The party injured could have sued originally either these defendants for their negligence, or the city of Pawtucket, or both.   *Bennett* v. *Fifield*, 13 R. I. 139.   Having sued the city, it has its action over against the party primarily responsible for the injury, by reason of negligence in the use of an opening, not in itself a nuisance.   This being so, we think it follows, from the cases cited above, that the defendants, who were duly notified to defend the original suit, are bound by the judgment in that suit.   In this case the plaintiff has also introduced evidence to show that the proximate and sole cause of the injury was the negligence of the defendants' servants.   They had been notified that the opening was dangerous and that it should be protected.   One of the defendants testified that it was customary to protect it by a board in front when the doors were open, the doors themselves being a sufficient protection for the sides, where they stood up nearly perpendicular.   The precaution of putting up the board was omitted on the occasion of this accident.   The only precaution taken was that the two men shouted " elevator " as they came up on it.   At the time of day, about five o'clock in the afternoon in November, this can hardly be called a precaution, especially to a woman like Mrs. Major, who was

deaf.  This testimony is properly introduced to show that the negligence of the defendants was the proximate cause of the injury, and so that there is a right of recovery over in this case.

The defendants claim that under the case of *Central Baptist Church* v. *Manchester*, 17 R. I. 492, the defendants are not bound by the judgment against the city.  The cases are quite different.  To an action in ejectment Manchester pleaded that he brought a suit and recovered judgment against a person who claimed to be the agent of the Central Baptist Church, and that the church was thereby estopped from prosecuting its action.  The decision was that the plaintiff was not bound by the former judgment, because there was no such relation between the parties as to make the plaintiff privy to the judgment, and also because the plaintiff had not made itself privy in fact by assuming the defence of the former suit.  This position was supported by citing Black on Judgments, § 540, and by remarks of the court.  The court said :  "To bind one, not a party of record, by a former judgment, it is essential that he should have openly intervened in the former suit, assuming its direction and control, to the knowledge of the opposite party, for the prosecution or defence of some interest in the subject of the suit, or to avert a liability he may be under to indemnify the defendant against an adverse judgment."  The defendants claim that this language exempts them from liability on the judgment.  A comparison of the words of the court with the citation shows that it was intended to be a restatement of the section from Black on Judgments.  That section relates to cases, as shown by those cited, where one party sought to hold the other party, not related to the cause of action, by a former judgment, because he had taken some part in the case.  And so it is stated broadly that to have this effect such a party must have assumed control of one side of the case, openly and to the knowledge of the other side, upon the principle that estoppels must be mutual.  But the case at bar, as we have shown, does not depend upon an estoppel from the defendants' intervention in the former suit, but upon their liability over

to the plaintiff by reason of their negligence, which was the proximate cause of the injury for which the recovery against the plaintiff was had. "It is a well established rule, and one which has been recognized and enforced in a number of noteworthy cases, that a judgment recovered against a municipal corporation, for injuries caused by a defect or obstruction in the highway is conclusive evidence of its necessary facts and conditions, in a subsequent action by the municipality against a third person, the author of the defect or nuisance, who is liable over and who was notified of the first suit." Black on Judgments, § 575.

Under this rule the defendants are liable in this action, and the plaintiff is entitled to judgment for the amount claimed.

*James L. Jenks, City Solicitor of Pawtucket*, for plaintiff.
*Arnold Green*, for defendant.