675 A.2d 264

**Bruce M. GOLDEY and Sandra Goldey,
husband and wife, Appellants**

v.

**TRUSTEES OF the UNIVERSITY OF PENNSYLVANIA and
R. Bruce Heppenstall, M.D., Andrew T. Costarino, Jr.,
M.D., and Frank L. Murphy, M.D., Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 25, 1995.

Decided April 19, 1996.

152

Aloysius J. Staud and Sarah Hohenberger, Philadelphia, for Bruce and Sandra Goldey.

Peter Hoffman and Marybeth Christiansen, Philadelphia, for Trustees of the Univ. of Pa., et al.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

ZAPPALA, Justice.

We granted allowance of appeal to consider the application of the rule that a judge should not overrule a decision of another judge of the same court in the same case.

This is a medical malpractice action in which Bruce and Sandra Goldey allege negligence during surgery on Mr. Goldey's shoulder in July of 1984. The surgery followed a prior course of treatment by Dr. William B. McNamee for a work-related injury to the shoulder. The Goldeys had previously instituted a malpractice action against McNamee. That case was settled approximately two years after the complaint in this action was filed, the Goldeys executing a general release.

In August of 1990, the defendants filed a motion for summary judgment, asserting that the release signed in the McNamee case barred this action. Judge Nicholas D'Allesandro denied the motion "without prejudice to the trial judge's discretion to reconsider the matter at a later stage of the proceedings." In November of 1991, the defendants renewed their motion for summary judgment. Following response and supplemental briefing, the case was assigned for trial to Judge Alfred DiBona, who denied the motion on October 8, 1992. Due to the backlog of cases, this case did not receive a trial date until August 30, 1993, when it was assigned to Judge Pro Tem Thomas B. Rutter.

Six days prior to the scheduled start of trial, the defendants again asserted that the action was barred by the release. The court ultimately ruled in the defendants' favor, entering an order granting summary judgment on September 21, 1993. The court reasoned that "the General Release in the instant case is not materially different in its language from those found to be preclusionary of subsequent actions in, *inter alia, Buttermore v. Aliquippa Hospital*, 522 Pa. 325, 561 A.2d 733 (1989); *Habovick v. Askin*, —— Pa.Super. ——, —— A.2d —— (No. 147, HBG 1989; 2/26/90)[1]; *Dublin v. Shuster*, 410 Pa.Super. 1, 598 A.2d 1296 (1991); *Smith v. Thomas Jefferson University Hospital*, [424] Pa.Super. [41], 621 A.2d 1030 (1993); and *Holmes v. Lankenau Hospital*, [426] Pa.Super. [452], 627 A.2d 763 (1993)." Slip Opinion at 1–2. The court rejected the argument that it could not revisit the issue decided by the October 8, 1992, order denying summary judgment, citing "practical and jurisprudential considerations." The court quoted the following question, which it had posed during argument on the motion:

> Under the facts of this case as we now know them, including the release, the general release which was signed by the Goldeys in the underlying case, if we were to go to trial ... after the defendants had offered into evidence the unquestionably authentic general release signed by the Goldeys, would we not then be obliged ... to grant the Defendants' motion for directed verdict ... ?

Superior Court affirmed, filing a memorandum opinion in support of its decision. The court acknowledged the general rule that one judge should not ordinarily overrule the interloc-

---

1. No reported opinion bearing the cited caption or docket number can be located. In the table of Decisions Without Published Opinions found in Volume 400 of the Pennsylvania Superior Court Reports (Volume 576 of the Atlantic 2d Reporter), a case captioned *Habovick v. Askin* is referenced as having been decided on February 26, 1990, although it bears the docket number 00132HBG89. See 400 Pa.Super. 628, 576 A.2d 1141. A LEXIS search identifies a case bearing the caption *Habovick v. Askin*, Docket Nos. 132 and 147 Harrisburg, 1989, decided on February 26, 1990, and cross-referencing the citations above, with no published opinion. See 1990 Pa.Super. LEXIS 555. Accordingly, this case should not have been cited. See Internal Operating Procedures of the Superior Court, 210 Pa.Code § 65.37 A.

utory decision of another judge of the same court in the same case. *Okkerse v. Howe,* 521 Pa. 509, 516, 556 A.2d 827, 831 (1989). The court observed, however, that the purpose of the rule is judicial economy and efficiency and that the rule should not be applied where to do so would defeat that very purpose. Citing *Solcar Equipment Leasing Corp. v. Pennsylvania Manufacturers Assoc.,* 414 Pa.Super. 110, 606 A.2d 522 (1992), the court stated, "where an initial order is issued without opinion or other explanation, the trial court is free to revisit and, if necessary, reverse the initial decision." Slip Opinion at 8.

Stated in this fashion, the exception is far broader than its origins in *Farber v. Engle,* 106 Pa.Commw. 173, 525 A.2d 864 (1987). Indeed, as a practical matter it would seem to be an exception that could swallow the rule, since opinions explaining the denial of pretrial motions are not required by the rules of procedure.

In *Farber,* one judge of the Philadelphia Common Pleas Court had granted judgment on the pleadings in favor of the City, after another judge of the same court had overruled preliminary objections. Commonwealth Court held that this did not contravene the rule that one judge should not overrule the decision of another judge of the same court. The court observed that since the preliminary objections had been overruled without opinion, it could not determine whether the first judge had ruled on the merits of the objections or had decided them on procedural grounds. The court then stated that "under the circumstances" it could not say that it was improper for the second judge to grant the City's motion for judgment on the pleadings.

In *Salerno v. Philadelphia Newspapers, Inc.,* 377 Pa.Super. 83, 546 A.2d 1168 (1988), Superior Court stated that the rule that one judge should not overrule the interlocutory order of another

is not intended to preclude the granting of *summary judgment* following the denial of *preliminary objections.* "The failure to present a cause of action upon which relief can be

granted may be raised at any time. A motion for summary judgment is based not only upon the averments of the pleadings but may also consider discovery depositions, admissions and affidavits." ... We can discern no reason for prohibiting the consideration and granting of a summary judgment if the record as it then stands warrants such action.

*Id.* at 87–88, 546 A.2d at 1170 (emphasis added) (citation omitted). Citing *Farber*, the court then observed that, "[t]his is particularly true when the preliminary objections were denied without an opinion." *Id.*

Four years later, however, in *Solcar*, what had been one of the "circumstances" in *Farber*, and a factor making "particularly true" the conclusion that the denial of preliminary objections by one judge did not foreclose the grant of summary judgment by another in *Salerno*, i.e., the absence of an opinion explaining the initial ruling, was transformed into a full-blown exception to the general rule. Unlike *Farber* and *Salerno*, *Solcar* involved the grant of summary judgment after a previous summary judgment motion had been denied. The court quoted from *Salerno*, but edited out "preliminary objections" and replaced it with "[previous motion]". In doing so, the court stretched far beyond the exception stated in *Salerno*, which was grounded in the differences between preliminary objections and summary judgment motions.[2]

 In this case, Superior Court perpetuated the error established in *Solcar* by stating as a broad proposition that "where an initial order is issued without opinion or other explanation, the trial court is free to revisit and, if necessary, reverse the initial decision." The presence or absence of an opinion in support of the initial ruling is not controlling.

Where the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on

---

**2.** Ironically, it was unnecessary for the court to rely on any exception at all, since the order denying summary judgment explicitly stated that it was "without prejudice to the trial judge's right to reconsider the matter at a later stage of the proceedings...."

a later motion is not precluded from granting relief although another judge has denied an earlier motion. However, a later motion should not be entertained or granted when a motion *of the same kind* has previously been denied, unless intervening changes in the facts or the law clearly warrant a new look at the question.

As an alternative basis for its decision, Superior Court expressed the view that the law had in fact been clarified between the time of the first and second summary judgment motions. The court indicated

> Even if we were to find the collateral judgment rule applicable, we note that under that rule courts may reconsider issues previously decided if new legal developments so warrant. *Vincent v. Fuller*, 400 Pa.Super. 108, 582 A.2d 1367 (1990), *reversed on other grounds*, [532] Pa. [547], 616 A.2d 969 (1992). As shall be discussed more fully *infra*, we believe the law in Pennsylvania concerning the effect of a general release had been clarified after Judge DiBona denied Appellees' prior motion for summary judgment.

Slip Opinion at 9, n. 2. In the body of the opinion the court discussed *Smith v. Thomas Jefferson Hospital*, 424 Pa.Super. 41, 621 A.2d 1030 (1993), *alloc. den.*, 535 Pa. 638, 631 A.2d 1009, and *Holmes v. Lankenau Hospital*, 426 Pa.Super. 452, 627 A.2d 763 (1993), *alloc. den.*, 538 Pa. 671, 649 A.2d 673 (1994). It is apparently these cases that the court believed clarified the law concerning the effect of a general release after Judge DiBona's denial of summary judgment.

In *Harrity v. Medical College of Pennsylvania Hospital*, 439 Pa.Super. 10, 653 A.2d 5 (1994), however, decided only a month and a half after this case, under circumstances nearly identical to those presented here, a different panel of Superior Court declared that, "[t]he *Smith* case does not clarify or overrule existing case law." *Id.* at 19, 653 A.2d at 9. In *Harrity*, one judge of the Philadelphia Common Pleas Court had denied a motion for summary judgment based on a release on April 16, 1992, and a second judge had granted summary judgment on July 6, 1993, citing *Buttermore, Smith*, and *Dublin v. Shuster*, 410 Pa.Super. 1, 598 A.2d 1296 (1991).

Superior Court reversed the grant of summary judgment, holding that it was improper for the second judge to overrule the first "[w]ithout new evidence and ... based upon the same case law." 439 Pa.Super. at 16–17, 653 A.2d at 8. The court rejected the argument that *Smith* "represented new, controlling case law authorizing reconsideration and vacation of the previous orders."

In this case, Judge Pro Tem Rutter justified the grant of summary judgment by offering the opinion that it would be a waste of resources to conduct a trial since the defendant would be entitled to a directed verdict. This says nothing that is not true in every case where summary judgment has once been denied and a second judge has a different view. In effect, the defendant has happened upon a judge for trial who agrees with the analysis that the first judge did not accept. In *Harrity,* Superior Court properly emphasized the need for finality and the prevention of judge shopping. See 439 Pa.Super. at 15–16, 653 A.2d at 8. These interests would be entirely dispensed with under the trial court's analysis.

For the reasons stated herein, we believe the Superior Court's analysis in *Harrity* with respect to the second judge's grant of summary judgment after the first judge's denial thereof is equally applicable to this case, where Judge Pro Tem Rutter granted summary judgment after Judge DiBona had denied it.

The Order of the Superior Court is reversed and the case is remanded to the court of common pleas for further proceedings.

MONTEMURO, J., who was sitting by designation, did not participate in the decision of this case.