J-A21035-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NOVA REALTY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN RISK REDUCTION | : | |
| SERVICES AND NEMO, II, INC., | : | |
| | : | |
| Appellees | : | No. 3426 EDA 2013 |

Appeal from the Order Entered October 29, 2013,
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 2523 July Term, 2011

BEFORE:  BOWES, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 30, 2014**

Nova Realty appeals from an order granting summary judgment in favor of American Risk Reduction Services and Nemo, II, Inc. (Appellee).[1] We affirm.

The background underlying this matter can be summarized as follows.

From 2005 through 2008, Nova Realty procured its errors and omissions coverage through [Appellee], an insurance broker. Lawrence Eburuoh, a principal/partner of Nova Realty, owned a residence which burned with unauthorized residents inside. As a result, one unauthorized resident died and [a] fire litigation case ensued. A Complaint was filed on August 21, 2007, in which [the mother of the deceased] alleged [she] had leased the [] property from Nova Realty and that Nova Realty had failed to

---

[1] It is unclear whether American Risk Reduction Services and Nemo, II, Inc. are separate entities. The parties and the trial court often refer to them as if they are one entity. For instance, in its brief, Nova Realty describes the named defendants to this matter as "Nemo II, Inc. d/b/a American Risk Reductions Services[.]" Nova Realty's Brief at 7. We will refer to these seemingly related entities as "Appellee."

* Retired Senior Judge assigned to the Superior Court.

make requested repairs to the circuit breaker on the property. Nova Realty was sued in the fire litigation and settled for $3,000,000. However, as set out in the Assignment of Rights agreement, Mr. Eburuoh, individually and as owner of Nova Realty, paid only $50,000. Plaintiffs in the fire litigation acknowledge[d] that they [would] forego their right to collect the balance of the Three Million ($3,000,000) Dollar settlement from settling defendants individually in consideration of settling defendants' assignment of their rights against their insurance carriers and other organizations that would have an obligation to pay claims arising out of the []lawsuit.

[A] Declaratory Judgment [A]ction was instituted [on] September 30, 2008 by Virginia Surety Company Inc. and Diamond State Insurance Company (collectively Insurance Companies) against Nova Realty. [I]nsurance [C]ompanies had previously disclaimed coverage and a duty to [defend] Nova Realty in the fire litigation. Nova Realty filed a Joinder Complaint against [Appellee] herein [on] November 25, 2008 and an Amended Joinder Complaint [on] January 8, 2009. Nova Realty asserted that [Appellee] would be solely and/or jointly and severally liable to Nova Realty if it was found that [I]nsurance [C]ompanies did not have to provide coverage. [Appellee] filed Preliminary Objections requesting dismissal. Nova Realty answered asserting [Appellee was] joined not only if there was no insurance coverage, but that Nova Realty had in fact already incurred specific damages related to [Appellee's] negligence. On February 23, 2009, the Honorable Albert W. Sheppard, Jr. issued an Order and Opinion sustaining [Appellee's] Preliminary Objections and dismissing Nova Realty's joinder claims. Judge Sheppard found that common questions of law and fact did not exist between the [D]eclaratory [J]udgment [A]ction and the professional liability action to justify joinder under Pa.R.C.P. 2252. At no point did Judge Sheppard find Nova Realty's professional liability action premature. On February 4, 2010, Judge Sheppard granted [] Insurance Companies summary judgment in the Declaratory Judgment [A]ction.

Trial Court Opinion, 11/8/2013, at 1-3 (citations and quotation marks omitted).

On July 26, 2011, Nova Realty filed a complaint against Appellee, claiming that Appellee acted negligently in procuring insurance coverage for Nova Realty. On March 22, 2012, Appellee filed an answer and new matter. In its new matter, Appellee asserted, *inter alia*, that the applicable statute of limitations bars Nova Realty's claim.

On November 27, 2012, Appellee filed a motion for judgment on the pleadings. Therein, Appellee argued that Nova Realty's claim is barred by a two year statute of limitations. The Honorable Annette Rizzo denied the motion on March 19, 2013.

On April 1, 2013, Appellee filed a motion for summary judgment. Appellee presented a number of claims in the motion, including its statute-of-limitations issue. Nova Realty responded to the motion, and on October 29, 2013, the Honorable Sandra Mazer Moss granted the motion, concluding that the statute of limitations bars Nova Realty's claim. Nova Realty timely filed a notice of appeal.

In its brief to this Court, Nova Realty asks us to consider the three questions that follow.

> [1]. Whether the law of the case doctrine prohibited the [trial] court from granting [Appellee's] motion for summary judgment on statute of limitations grounds when this issue was ruled upon in [Nova Realty's] favor by a prior judge in a motion for judgment on the pleadings and no new facts or arguments were raised in the motion for summary judgment?
>
> [2]. Whether the doctrine of judicial estoppel prohibited [Appellee] from changing [its] previous position that [Nova Realty's] claim could not be ripe until the declaratory judgment

action over the insurance policies defendants obtained for [Nova Realty] was decided?

[3]. Whether [Nova Realty's] claim against [Appellee] was ripe before it was determined, in a separate declaratory judgment action, whether the insurance policies [Appellee] procured for [Nova Realty] provided coverage?

Nova Realty's Brief at 6 (unnecessary capitalization and trial court answers omitted) (re-ordered for ease of discussion).

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.…

*Swords v. Harleysville Ins. Companies*, 883 A.2d 562, 566-67 (Pa. 2005) (citations omitted).

Under the first issue listed above, Nova Realty argues that, because Appellee presented the same statute-of-limitations claim in its motion for summary judgment as it did in its motion for judgment on the pleadings (which Judge Rizzo denied), the coordinate jurisdiction rule precluded Judge Moss from granting the motion for summary judgment. In general, "[w]here motions differ in kind, as preliminary objections differ from motions for

- 4 -

judgment on the pleadings, which differ from summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion." ***Petrongola v. Comcast-Spectacor, L.P.***, 789 A.2d 204, 214 (Pa. Super. 2001). Nova Realty, however, relies on this Court's decision in ***Campbell v. Attanasio***, 862 A.2d 1282 (Pa. Super 2004), in support of its position that the coordinate jurisdiction rule prohibited Judge Moss from determining that the statute of limitations barred its claim.

In ***Campbell***, the defendants filed motions for summary judgment wherein they sought to preclude Campbell's expert witness from testifying at trial. A judge denied those motions. As the parties prepared for trial, the defendants purported to file motions *in limine* where they raised the same issue they presented in their motions for summary judgment. A different judge granted the motions *in limine*.

On appeal, Campbell argued that the second judge violated the coordinate jurisdiction rule. A panel of this Court agreed with Campbell. The panel noted that, for procedural purposes, the order granting the motions *in limine* constituted a grant of summary judgment. ***Campbell***, 862 A.2d at 1285 n.3. The Court ultimately concluded that the second judge violated the coordinate jurisdiction rule by overruling the previous judge's decision regarding Campbell's expert witness.

Thus, in **Campbell**, the defendants, in effect, were granted summary judgment on an issue that already had been rejected by way of the denial of their original motion for summary judgment. Here, Appellee did raise the same issue in two different motions; however, the motions differed in kind. The first motion, denied by Judge Rizzo, was a motion for judgment on the pleadings. The second motion, granted by Judge Moss, was a motion for summary judgment.

As our "[Supreme] Court [has] stated, '[W]here the motions differ in kind, as preliminary objections differ from … motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion.'" **Id.** at 1286 (citations omitted); **See Garzella v. Borough of Dunmore**, 62 A.3d 486, 497 (Pa. Cmwlth. 2013) ("[T]he coordinate jurisdiction rule[] does *not* apply where the motions are of a different type, and does *not* bar a judge on summary judgment from overruling another judge's decision on preliminary objections or judgment on the pleadings, even on an identical legal issue.") (emphasis in original). Accordingly, **Campbell** is distinguishable from this case, and the coordinate jurisdiction rule did not preclude Judge Moss from determining that the statute of limitations bars Nova Realty's claim.

We further observe that, while Judge Rizzo denied Appellee's motion for judgment on the pleadings, she did so without providing an explanation for her decision. If Judge Rizzo denied the motion based upon a procedural

defect or some reason other than the merits of the statute-of-limitations issue, then the coordinate jurisdiction rule clearly did not bar Judge Moss from ruling upon the merits of the defense in disposing of Appellee's motion for summary judgment. Given the circumstances of this case, a lack of an opinion from Judge Rizzo further factors in favor of and bolsters a conclusion that the coordinate jurisdiction rule was not implicated or violated in this case. *See Salerno v. Philadelphia Newspapers, Inc.*, 546 A.2d 1168, 1170 (Pa. Super. 1988).[2] For these reasons, Nova Realty is not entitled to relief on this issue.

Under the second issue listed above, Nova Realty highlights that, during the preliminary objections stage of the Declaratory Judgment Action, Appellee argued that Nova Realty should not be permitted to join Appellee to the action because Nova Realty's claim against it was premature and could not be adjudicated until the court declared whether Insurance Companies were required to provide coverage to Nova Realty. Nova Realty contends that, because Appellee took this position in the Declaratory Judgment Action, Appellee was judicially estopped to argue in this matter that Nova Realty's negligence claim was ripe for adjudication before the Declaratory Judgment Action concluded.

---

[2] Our Supreme Court has determined that "[t]he presence or absence of an opinion in support of the initial ruling is not controlling." *Goldey v. Trustees of University of Pennsylvania*, 675 A.2d 264, 267 (Pa. 1996). The Court, however, has not held that the absence of an opinion in support of an initial ruling cannot be considered when examining whether a judge violated the coordinate jurisdiction rule.

As this Court very recently explained, "[p]ursuant to the doctrine of judicial estoppel, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, **if his or her contention was successfully maintained**." ***Newman Development Group of Pottstown, LLC v. Genuardi's Family Market, Inc.***, 2014 WL 4071665, 8 (Pa. Super. 2014) (citation, quotation marks, and footnote omitted) (emphasis added).

In an effort to defeat Nova Realty's attempt to join Appellee to the Declaratory Judgment Action, Appellee did contend that Nova Realty's claim against it was premature and would not be ripe unless and until it was declared that Insurance Companies did not have to provide coverage to Nova Realty. ***See***, ***e.g.***, Nova Realty's Response to Appellee's Motion for Summary Judgment, 6/14/2013, Exhibit O, ¶¶19-25. However, Appellee also argued that, pursuant to Pa.R.C.P. 2252(a)(4), Nova Realty's claim should be dismissed from the Declaratory Judgment Action because Nova Realty's cause of action against it did not arise out of the same transaction or occurrence as the Declaratory Judgment Action commenced by Insurance Companies. ***Id.*** at ¶¶7-18.

In sustaining Appellee's preliminary objections in the Declaratory Judgment action and dismissing Appellee from that action, Judge Sheppard did not address Appellee's "ripeness" claim. Rather, he concluded that, pursuant to Pa.R.C.P. 2252(a)(4), joinder of Appellee to the Declaratory

Judgment Action was improper because that action and the claim against Appellee do not share common questions of law or fact. Appellee's Answer With New Matter, 3/22/12, Exhibit D.

Nova Realty acknowledges that Judge Sheppard did not refer to Appellee's ripeness argument in dismissing Appellee from the Declaratory Judgment Action. Nova Realty, however, cites to a non-binding memorandum and order from the United States District Court for the Eastern District of Pennsylvania for the proposition that "[i]t is not necessary to show a court's reliance on a prior argument in order for judicial estoppel to apply. It only must be shown that a party took an opposite position in a previous action and received a favorable result." Nova Realty's Brief at 34 (citing **Simon Wrecking Co., Inc. v. AIU Ins. Co.**, 541 F.Supp.2d 714 (E.D.Pa. 2008)). That is not the law of Pennsylvania.

The current state of the law in Pennsylvania is that judicial estoppel only bars a party from assuming a position inconsistent with an assertion it made in a previous action when that party successfully maintained the previous inconsistent position. Here, Judge Sheppard did not address the merits of Appellee's ripeness claim, and he did not dismiss Appellee from the Declaratory Judgment Action on the basis of that claim. Thus, Appellee did not successfully maintain that claim in a previous action, and the doctrine of judicial estoppel did not preclude Appellee from arguing in this case that

Nova Realty's negligence claim accrued before the Declaratory Judgment Action concluded.

We now will address Nova Realty's last issue listed above. The parties do not dispute that Nova Realty's claim against Appellee is governed by a two-year statute of limitations. Under its third issue, Nova Realty contends its claim did not become "ripe" until February 4, 2010, when Judge Sheppard determined in the Declaratory Judgment Action that the insurance policies procured by Appellee for Nova Realty did not provide coverage to Nova Realty with respect to the fire litigation. Thus, in Nova Realty's view, it timely filed its complaint against Appellee on July 26, 2011. Like the summary judgment court, we disagree.

Nova Realty's claim against Appellee is a negligence claim. In Nova Realty's words, it "is a claim for negligence against an insurance broker, [Appellee], for failing to follow instructions and obtain requested insurance coverage for a real estate agency, [] Nova Realty." Nova Realty's Brief at 7. Nova Realty insists that it asked Appellee to procure a specific type of insurance on its behalf and that it subsequently purchased, through Appellee, an insurance policy that did not meet the coverage requirements it informed Appellee it wanted.

"Pennsylvania favors strict application of the statutes of limitation." *Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 572-73 (Pa. Super. 2007). "Lack of knowledge, mistake or misunderstanding, will not toll the

running of the statute." *Id.* at 572 (citation omitted). According to 42 Pa.C.S. § 5502, the statute of limitations begins to run when a cause of action accrues. Regarding a claim of negligence, this Court has explained, "The general rule is that the statute of limitations begins to run when the negligent act has been done. In this Commonwealth, the statute of limitations for a negligence cause of action is triggered upon the occurrence of the alleged breach of duty." *Bigansky v. Thomas Jefferson University Hosp.*, 658 A.2d 423, 426 (Pa. Super. 1995) (citations omitted).

In the Declaratory Judgment Action, Nova Realty filed its original joinder complaint against Appellee in November of 2008. In response to the preliminary objections Appellee filed in that action, Nova Realty argued that its claim against Appellee was ripe for adjudication. In fact, Nova Realty specifically argued that it already had suffered an injury caused by Appellee's negligence. Motion for Summary Judgment, 4/1/2013, Exhibit HH, Memorandum of Law in Support of Nova Realty's Response to Appellee's Preliminary Objections, at 8 ("Furthermore, [Nova Realty has] already been injured in that [it has] had to pay sums to defend the declaratory judgment action. So, even if the court does find a requirement of an actual injury to a joining party first, [Nova Realty] already [has] one.").

Nova Realty clearly knew that it had a ripe cause of action against Appellee in November of 2008. Nova Realty, however, did not file its complaint against Appellee until July of 2011, which is beyond the two-year

- 11 -

statute of limitations. Accordingly, we conclude that Judge Moss correctly determined that the statute of limitations bars Nova Realty's claim.

Nova Realty has failed to convince this Court that Judge Moss erred by granting Appellee's motion for summary judgment. Consequently, we affirm the court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2014