J-A26040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TODD DONALD ATKINSON | : | |
| Appellant | : | No. 1763 MDA 2016 |

Appeal from the Judgment of Sentence September 27, 2016
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000336-2015

BEFORE:  BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JANUARY 17, 2018**

Appellant, Donald Todd Atkinson, appeals from the judgment of sentence of twenty-five to fifty years of incarceration imposed following his conviction of six counts of child pornography and one count of criminal use of a communication facility.[1]  We affirm.

The following statement of facts and procedural history is garnered from the trial court opinion, which is supported by the record.

> [In September 2014], Corporal Gerhard Goodyear of the Pennsylvania State Police was conducting an investigation of file sharing networks looking for files containing markers for child pornography.  This investigation led him to a computer with an IP address identifying Windstream Communications as the internet provider.  In turn, the Windstream account associated with that IP address identified the subscriber as Quiche Amour, LLC, with a

---

[1] Respectively, **see** 18 Pa.C.S. §§ 6312(d), and 7512(a).

billing address of 180 Heatherwood Drive, Ephrata, Pennsylvania, which was the home address of [Appellant] and his wife.

[In November 2014], a search warrant was granted authorizing the seizure and search of all electronic evidence located at the specified address. This warrant was executed [] by Trooper John Sours [("Trooper Sours")] and other officers of the Pennsylvania State Police. During the execution of the search warrant, Trooper Sours spoke with [Appellant] in the kitchen of the residence and asked if he had been looking at child pornography. [Appellee] replied that he had viewed child pornography on his home computer. Then, after a long pause, [Appellant] added that had been years ago. It was determined during the search that the residence did not have an internet connection and that the computer for which Windstream provided internet access was located at a business, operated by [Appellant's] wife and at which [Appellant] worked, located at an address in Akron, Pennsylvania. Officers went to that address with [Appellant's] wife, who consented to a search of that location, and seized a computer and a thumb drive, both of which were subsequently determined to contain images of child pornography. No evidence of child pornography was found in [Appellant's] home or on any electronic device seized from the home.

Trial Court Opinion, 2/21/2017, at 1-4.

In February 2015, Appellant was charged with six counts of child pornography and one count of criminal use of a communication facility. In June 2015, Appellant filed an omnibus pretrial motion arguing that the search warrant for Appellant's residence lacked sufficient probable cause, and the statements made by Appellant while in the presence of police were in violation of his Fifth Amendment rights. Appellant simultaneously filed a motion *in limine* to exclude his statement regarding past viewing of child pornography in his home. In his motion in *limine*, Appellant argued that the statement was irrelevant, that the statement should be excluded as unfairly prejudicial pursuant to Pa.R.E. 403, and that the statement should be excluded pursuant

to Pa.R.E. 404(b) as impermissible evidence of a prior bad act. Following a hearing, the Honorable David L. Ashworth denied Appellant's motions in November 2015.

On the first day of trial in April 2016, Appellant filed a motion *in limine* renewing his motion to exclude his statement. The Honorable James P. Cullen denied the motion, and trial commenced. Appellant was convicted on all counts. In September 2016, Appellant was sentenced to twenty-five to fifty years of incarceration on each count of child pornography plus five years of probation for the criminal use of a communication facility.[2] All sentences were to be served concurrently.

Appellant timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.[3] The trial court filed a responsive opinion.

---

[2] In October 2010, Appellant pled guilty to two counts of indecent assault, and one count each of criminal solicitation, endangering the welfare of children, corrupting the morals of minors, and indecent exposure. CP-36-CR-0001794-2009. **See** 18 Pa.C.S. §§ 3126(a)(7), 902(a), 4304(a), and 3127(a), respectively. Due to Appellant's prior sexual offense convictions, he was subject to mandatory minimum and maximum sentence terms for his instant sexual offenses. 42 Pa.C.S. § 9718.2(a)(1), (b) (outlining the mandatory minimum and maximum sentences for sexual offenders).

[3] In October 2016, Appellant petitioned the court for an enlargement of time to file the 1925(b) statement. This motion was granted by the trial court, which "granted counsel twenty days from receipt of the transcript to file his statement of errors complained of on appeal." Trial Court Opinion, 2/21/2017, at 3 n.10. Counsel received the transcript on January 12, 2017, and timely filed the court-ordered statement on February 1, 2017, twenty days from receipt. **Id**.

Appellant presents a single question for our review, wherein he renews the challenges first raised in his motion in *limine*. **See** Motion in Limine to Exclude Statement from Defendant that he had Viewed Child Pornography in the Past, 6/25/2015. Essentially, Appellant asserts that his statement regarding his past viewing of child pornography in his home was irrelevant, that it should have been excluded as unfairly prejudicial pursuant to Pa.R.E. 403, and that the statement should have been excluded pursuant to Pa.R.E. 404(b) as impermissible evidence of a prior bad act. Appellant's Brief at 5, 10-11, and 13-19. We note that Appellant has preserved the issue of the admission of his statement by litigating the pre-trial motion *in limine*. **See** Pa.R.E., 103(a)(1)(A); Pa.R.E. 103(b).

"The admissibility of evidence is within the sound discretion of the trial court." **Commonwealth v. Estepp**, 17 A.3d 939, 945 (Pa. Super. 2011). We examine a trial court's decision concerning the admissibility of evidence for an abuse of discretion. **Commonwealth v. Dengler**, 890 A.2d 372, 379 (Pa. 2005). An abuse of discretion is not merely an error of judgment, but it is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. **Commonwealth v. Carroll**, 936 A.2d 1148, 1152–53 (Pa. Super. 2007), *appeal denied*, 947 A.2d 735 (2008).

Relevant evidence is that which has "any tendency to make a fact more or less probable than it would be without the evidence [,] and the fact is of

consequence in determining the action." Pa.R.E. 401(a), (b). Relevant evidence may be excluded "if its probative value is outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury[."] Pa.R.E. 403. "'Unfair prejudice' means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." *Id*. cmt. However, as our Supreme Court has observed:

> The [trial] court is not ... required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged.

*Commonwealth v. Paddy*, 800 A.2d 294, 308 (Pa. 2002) (citing *Commonwealth v. Lark*, 543 A.2d 491, 501 (Pa. 1988)). "Evidence of a prior crime may also be admitted to show a defendant's actions were not the result of a mistake or accident, 'where the manner and circumstances of two crimes are remarkably similar.'" *Commonwealth v. Tyson*, 119 A.3d 353, 359 (Pa. Super. 2015), *appeal denied*, 128 A.3d 220 (2015) (citing *Commonwealth v. Kinard*, 95 A.3d 279, 294–95 (Pa. Super. 2014)); *see also* Pa.R.E. 404(b)(2).

In the instant case, we agree with the sound reasoning of the trial court,[4] which concluded that Appellant's statement was both relevant and admissible to prove absence of mistake or accident:

> [Appellant] made this statement to Trooper Sours after the search warrant had been explained to him and it would, therefore, be relevant to his knowledge and absence of mistake or accident. Child pornography had recently been viewed late at night on a computer, the billing address for which was [Appellant]'s home address. That computer was located at [Appellant]'s wife's place of business where [Appellant] worked. The child pornography was viewed at a time when [Appellant] would have had access to the computer but others would not since the business would have been closed at the time. [Appellant]'s statement that he had viewed child pornography in the past would be indicative of intent and absence of mistake in that it supports the inference that the presence of child pornography on the computer at [Appellant]'s wife's place of business was not the result of accidental exposure.

Trial Court Opinion, 2/21/2017, at 8.

The trial court was not required to eliminate all unpleasant facts from the jury's consideration, and Appellant's statement to police that he had viewed child pornography on his home computer years prior was admissible as an exception to Pa.R.E. 404(b). *Paddy*, 800 A.2d at 308. Moreover, the

_____

[4] As the Honorable David L. Ashworth first denied Appellant's motion *in limine* to exclude Appellant's statement in November 2015, when Appellant renewed his motion *in limine* in April 2016, the Honorable James P. Cullen, sitting as the trial judge, the coordinate jurisdiction rule precluded Judge Cullen from altering the ruling. *Riccio v. Am. Republic Ins. Co.*, 705 A.2d 422, 425 (Pa. 1997) (recognizing that "a later motion should not be entertained or granted when a motion of the same kind has previously been denied, unless intervening changes in the facts or the law clearly warrant a new look at the question") (citing *Goldey v. Trustees of the Univ. of Pennsylvania*, 675 A.2d 264, 267 (Pa. 1996).

temporal relationship between the instant offenses and the prior bad acts referenced in Appellant's statement could not diminish the statement's probative value in the instant case where, (1) the statement did not specify how many years ago the conduct occurred, and (2) the utility of the statement was to establish Appellant's knowledge. **Commonwealth v. Drumheller**, 808 A.2d 893, 905 (2002) (holding that "[a]lthough evidence of (prior occurrences) which is too remote is not properly admissible ... it is generally true that remoteness of the prior instances … affects the weight of that evidence and not its admissibility").

Here, the probative value of the statement outweighed the potential for unfair prejudice. Additionally, the trial court proactively took steps to mitigate against any potential prejudice of Appellant by specifically cautioning the jury not to become inflamed by the nature of the materials. N.T. 4/6/2016, at 845-47. The trial court further explained that Appellant was not charged with viewing child pornography in his home in connection with the statement. **Id**.

Accordingly, we discern no abuse of discretion by the trial court in admitting Appellant's statement of prior bad acts.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/17/2018