J-S68045-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| CHRISTOPHER WATKINS, INDIVIDUALLY, AND D/B/A WATKINS SECURITY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 9 WDA 2018 |
| | : | |
| THE LERRO CORPORATION | : | |

Appeal from the Order November 28, 2017
In the Court of Common Pleas of Cambria County Civil Division at No(s):
4799-2014

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:              FILED JANUARY 23, 2019

Appellant, Christopher Watkins, individually and doing business as

Watkins Security ("Watkins"), appeals from the trial court's order granting

Lerro's motions in limine and motion to dismiss in favor of Appellee, The Lerro

Corporation ("Lerro").  We vacate and remand for proceedings consistent with

this decision.

The trial court aptly sets forth a summary of pertinent facts and

procedural history as follows:

> On December 17, 2014, Plaintiff [hereinafter Watkins] filed a
> Complaint in which he avers . . . [that] on April 9, 2012, [he]
> submitted a very detailed bid to update Indiana County's
> Courthouse and Magisterial District Courts security infrastructure.
> His bid contained "extensive and unique custom product
> design[s], installation, configuration, and training."

_____

*   Former Justice specially assigned to the Superior Court.

[The Complaint continues that,] approximately nine months later, on January 28, 2013, Defendant [hereinafter Lerro] submitted a line-item quote "exactly mirrored, to the penny[,]" Watkins' proposal. Watkins claims that Lerro obtained Watkins' confidential bid proposal, which Lerro then used to prepare its own quote. Watkins file[s] suit against Lerro for: wrongful appropriation of trade secrets (Count 1); breach of restrictive covenants (Count 2); theft of confidential information (Count 3); unfair competition (Count 4); and, intentional interference with prospective economic advantages.

After a lengthy discovery period [of approximately 485 days], Defendant Lerro sent Plaintiff Watkins a Request for Admissions[, pursuant to Pa.R.C.P. 4014,[1]] which went unanswered. Lerro[,

_____

[1] Rule 4014, Request for Admission, provides in pertinent part:

(a) A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rules 4003.1 through 4003.5 inclusive set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness, authenticity, correctness, execution, signing, delivery, mailing or receipt of any document described in the request. . . .

(b) Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by the party's attorney; . . . .

* * *

(d) Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 212.3 governing pre-trial conferences, the court may permit withdrawal or amendment when the presentation of the merits of the action will

- 2 -

therefore,] filed a motion praying the [trial court] to deem judicially admitted the unanswered Request for Admissions [pursuant to Rule 4014(b), which provides in pertinent part that any matter properly served upon a party in a Request for Admissions is admitted unless, within thirty days after service of the request, or other time as prescribed by the court, the party files a verified and signed answer or objection to the Request].

On August 1, 2016 the trial court granted Lerro's Motion for Facts Deemed Admitted. [Specifically, the matters deemed judicially admitted were:

1. that Plaintiff Watkins' proposal was not a trade secret;

2. that Defendant Lerro's proposal did not contain the exact "custom design" contained in Watkins' proposal;

3. that Lerro did not interfere with Watkins' business relations; and

4. that Watkins was not injured as a result of Lerro's actions or inactions.]

On August 15, 2016, Defendant Lerro filed a Motion for Summary Judgment in which [it] chiefly argued that in light of the facts deemed judicially admitted, Plaintiff Watkins could not sustain its burden and therefore there were no issues of material fact.

After briefs and arguments of counsel, [a three-judge panel of] the trial court[, sitting en banc, unanimously] denied Defendant Lerro's [motion for] summary judgment on October 3, 2016.

_____

be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him or her in maintaining the action or defense on the merits. . . .

Pa.R.C.P. No. 4014(a), (b), and (d), in pertinent part.

On September 11, 2017, Defendant Lerro filed three Motions in Limine and Dismissal to: preclude Plaintiff Watkins from introducing any witnesses not previously named or produced during discovery from testifying at trial; preclude Watkins from introducing any evidence or testimony which contradicted the facts judicially admitted from being presented at trial; preclude the introduction of any evidence or testimony as to the claims in Watkins' Complaint; and to dismiss all counts of the Complaint.

[Judge Tamara R. Bernstein, who had sat on the en banc panel denying Lerro's motion for summary judgment, granted Lerro's motions in limine in whole, as well as the motion to dismiss, "as the motions granted supra are dispositive of all counts in this case."]. Watkins appealed.

Trial Court Opinion, April 25, 2018, at 2-3.

Watkins presents the following question for our consideration:

[Did] the court err[ ] in granting the defendant's [Lerro's] motion in limine when it had denied [Lerro's] motion for summary judgment that was based upon the same argument?

Brief of Appellant, at 4.

Our standard of review is as follows: "To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is de novo. To the extent that this question involves an exercise of the trial court's discretion in granting [a] 'motion to dismiss,' our standard of review is abuse of discretion." Coulter v. Ramsden, 94 A.3d 1080, 1086 (Pa. Super. 2014).

In assailing Judge Bernstein's order granting Lerro's motions in limine and motion to dismiss based on Watkins' judicial admissions, Watkins invokes the coordinate jurisdiction rule. In Ryan v. Berman, 813 A.2d 792 (Pa.

- 4 -

2002), our Supreme Court offered a detailed explanation of the coordinate jurisdiction rule:

> The coordinate jurisdiction rule prohibits a judge from overruling the decision of another judge of the same court, under most circumstances. There are, however, situations when the rule does not apply. This Court stated recently that "a later motion should not be entertained or granted when a motion of the same kind has previously been denied, unless intervening changes in facts or the law clearly warrant a new look at the question." Goldey v. Trustees of University of Pennsylvania, 544 Pa. 150, 675 A.2d 264, 267 (1996). Nevertheless, we recognized that "where the motions differ in kind, as preliminary objections differ from … motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion." Id.
>
> The salient case on the coordinate jurisdiction rule is Commonwealth v. Starr, 541 Pa. 564, 664 A.2d 1326 (1995). It states the rule as follows: "Judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions." Id. 664 A.2d at 1331. "Departure … is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." Id. 664 A.2d at 1332. The rule serves "not only to promote the goal of judicial economy" but also "(1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end." Id. 664 A.2d at 1331. It is manifest that a judge may not lightly overrule the prior decision of another judge of the same court. In some circumstances, however, application of the rule can "thwart the very purpose the rule was intended to serve, i.e., that judicial economy and efficiency be maintained." Salerno v. Philadelphia Newspapers, Inc., 546 A.2d 1168, 1170 (Pa.Super. 1988). Thus, we said in Starr that departure from the rule of coordinate jurisdiction is allowed "where the prior holding was clearly erroneous and would create a manifest injustice if followed." 664 A.2d at 1332. Applying the rule of coordinate

jurisdiction too rigidly, therefore, can undermine the purposes which justify the rule.

Ryan, 813 A.2d at 795.

Furthermore, the Ryan Court stated, "[W]here the motions differ in kind, as preliminary objections differ from … motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion." Id. at 794 (quoting Goldey v. Trustees of University of Pennsylvania, 675 A.2d 264, 267 (Pa. 1996)).

Watkins correctly notes that prior to the court's order granting Lerro's motions in limine and motion to dismiss based on the conclusion that Watkins could not prove his claims given his judicial admissions, the same court sitting en banc had unanimously denied Lerro's motion seeking summary judgment because of Watkins' admissions.

Specifically, at the hearing on Lerro's motion for summary judgment, Lerro had argued that Watkins' Rule 4014(b) failure to answer or object to Lerro's Request for Admissions constituted an admission that necessarily resolved all issues of material fact in Lerro's favor, thus necessitating summary judgment. Watkins, however, countered that his judicial admissions were not conclusive as a matter of law, and he stressed the disconnect between Lerro's Request for Admissions and the clear controversies within the discovery record over all material, elemental facts. In this vein, counsel for Watkins effectively renounced the judicial admissions, as follows:

> [COUNSEL FOR WATKINS]: You take both contracts. They're line by line the same. I mean quotes. They're line by line the same. The quantity is the same. They're in the same absolute

sequencing of line items. They are so amazingly the same that you would have to strain the imagination to say that Lerro took this quote and made it up themselves.

No. They stole this quote from Watkins, didn't even go out to the site, popped it into the computer. Yes, they did add something different, labor, but the labor is the last line of the item on the sheet. The way I laid this out, you can actually tell by the page number and the corresponding part it's exactly the same, and they put a prescreening mechanism in as part of the award of the contract. Everything else is exactly the same.

JUDGE KINIRY:          How did they do that?

[COUNSEL FOR WATKINS]:          I'd like to know that, sir, because our agreement was there like a year before this. So somebody gave it to Lerro. And in order to just like take this case and make it go – you know, get a real quick contract, they took it. They didn't even send anybody out there. They just put their name on it, boom, the same exact thing, got an award.

Now, my client has complained in various other spots that he put on all this information he sent to the courthouse, [']this is confidential, this is confidential.['] They have nobody that says – they have no way of knowing this information other than it was given to them.

Furthermore, Mr. Murphy in his deposition, who owns [Lerro] or runs it or is C.O. of the company, specifically stated – I asked him, [']Do you think your quote, the one I've just shown you, your Lerro quote, do you think that's confidential?['] He said, [']Yeah, it's confidential.['] I said, [']Why?['] [']Because,['] he said[,] [']because we have a certain method of putting that together and, you know, it's detailed. I would consider that confidential.['] I mean, that's their own company saying that.

So all these counts in here, I can go through them. Regarding, you know, breach of restrictive covenant, throw it away if you want to. Lack of trade secrets, it meets the definition as detailed in the brief. Theft of confidential information, it certainly meets that. Everything in here was marked confidential. Unfair competition, even in their brief on the Restatement Third of Torts, they put there that – I'm sorry—confidential information used by another party can be evidence of unfair competition.

* * *

As far as the admissions are concerned, the Court -- the Superior Court has said they may be used in a summary judgment. They're not conclusive. And my theory is, on all those admissions, if somebody in their deposition is saying this is confidential, I've suffered damages, I have this breach of confidentiality, there is a conflict as to the facts, the court can decide that.

But there's a genuine issue I'm saying to the court. However it decides, the first paragraph of my brief is the most conclusive part of the case. They just plain took the info and used it.

* * *

[With respect to Watkins' damages claim,] he put in his deposition that he would have made a certain amount of margin on this contract. He gave us that amount of margin in there. He states it as like 30 percent he would have made on this agreement.

Hearing on Motion for Summary Judgment, 9/30/16, at 9-11, 14.

By its order of October 3, 2016, the en banc court decided the following:

[U]pon consideration of defendant's [Lerro's] "Motion for Summary Judgment," the briefs and arguments of counsel, and a review of the pleadings of record, viewing the facts in a light most favorable to the non-moving party, and accepting all well-pleaded facts and the reasonable inferences drawn therefrom as true, the Court finds that material questions of fact remain. Accordingly, it is hereby ORDERED AND DIRECTED that Defendant's Motion is DENIED.

Additionally, the Court has reviewed relevant portions of the transcript from September 30, 2016 Argument Court, and believes that it is ambiguous as to whether plaintiff's [Watkins'] counsel conceded to a withdrawal of one, or many, of the five counts of plaintiff's Complaint. Thus, the Court finds that plaintiff's counsel is proceeding on all five counts of plaintiff's Complaint.

Trial Court Order, 10/3/16.

According to Watkins, Lerro's subsequent motions in limine and motion to dismiss effectively asked Judge Bernstein to overrule the en banc court's order denying Lerro's previous motion for summary judgment without identifying an intervening change in the underlying facts or the law:

> The [trial] court, in denying [Lerro's] Motion for Summary Judgment, was aware of [Lerro's] argument regarding Judicially admitted facts and held in favor of [Watkins]. [Lerro's] Motion in Limine, prior to trial, was the same argument that was used in [Lerro's] Motion for Summary Judgment. The [trial court] granted [Lerro's] Motion in Limine. The salient and consequential point is that both arguments were based on the same material facts and were present in the Summary Judgment argument and the Motion in Limine.

Brief of Appellant, at 9.

Judge Bernstein opines that the en banc panel's order denying Lerro's motion for summary judgment did not preclude it from granting Lerro's motions in limine and motion to dismiss because the latter motions were not of the same kind as the former and were raised in a different procedural posture. We disagree.

When it denied Lerro's motion for summary judgment, the en banc court refused to rule out the possibility that Watkins could prevail upon each of his claims given the issues of material fact existing throughout the record. The court's determination in this regard must be understood, therefore, as one effectively granting a Rule 4014(d)[2] withdrawal of the judicial admissions resulting from Watkins' failure to respond to Lerro's Request for Admissions,

_____

[2] See infra.

- 9 -

for the admissions, if upheld, would necessarily have precluded Watkins from proving his claims.

Moreover, the record remained unchanged nearly one year later when Lerro filed its motions in limine and motion to dismiss, which were limited to the same facts and arguments litigated in Lerro's earlier motion for summary judgment. Indeed, the latter motions asked the court to dismiss Watkins' suit because he could not possibly prevail on his claims given his judicial admissions. The court en banc, however, already rebuffed this position, and there had been no change in the underlying facts or arguments at issue in the ensuing year leading up to trial.

As such, the latter motions, though bearing different titles than the previous motion for summary judgment, simply repeated the earlier request for terminating the suit on the basis of Watkins' judicial admissions. For this reason, we disagree with the learned trial court's position that the motions were different in kind and procedural posture so as to preclude application of the coordinate jurisdiction rule. See Campbell v. Attanasio, 862 A.2d 1282, 1285–87 (Pa. Super. 2004) (holding coordinate jurisdiction rule violated where court granted motion in limine predicated on same facts and arguments previously rejected by same court in denying motion for summary judgment five months earlier).

Our final consideration in conducting our coordinate jurisdiction rule inquiry is to ask whether the court en banc committed an abuse of discretion or error of law in entering its order denying Lerro's motion for summary

judgment, such that Judge Bernstein was not subsequently bound by the order in reviewing Lerro's later motions. Our review of the record shows that the court sitting en banc committed no error in effectively declining to uphold the Rule 4014 admissions when the discovery record clearly contained material issues of fact on all pertinent matters.

It must be remembered that "[r]equests for admissions pursuant to Rule 4014 are a discovery tool intended to clarify issues, expedite the litigation process, and promote a decision on the merits." Stimmler v. Chestnut Hill Hospital, 981 A.2d 145, 160-61 n.18 (Pa. 2009) (noting further "Rule 4014 is designed to expedite the production and authentication of evidence that is not controverted by the litigants.") (citations omitted) (emphasis added)). While failure to answer or object within 30 days to a Rule 4014 request for admissions is sufficient by itself to constitute an admission to the matters in the request, see Pa.R.C.P. 4014(b), Pa.R.C.P. 4014(d) permits the withdrawal or amendment of admissions "when the presentation of the merits of the action will be subserved [i.e. promoted] thereby." Stimmler, supra.

Here, it would not have been patently erroneous for the trial court sitting en banc to keep in force the earlier order deeming admitted all matters within Lerro's Request for Admissions for Watkins' failure to answer or respond. Indeed, Watkins' failure to comply with Rule 4014(b) subjected him to such a potential result.

Nevertheless, the court en banc clearly elected, instead, to accept Watkins' oral argument at the summary judgment hearing as tantamount to

a motion challenging the propriety of technical admissions that had no support in a controverted record and would result in the undue circumvention of merits review. The court's denial of Lerro's motion for summary judgment based on Watkins' earlier admissions, therefore, represented the functional equivalent of withdrawing Watkins' admissions and allowing the controverted record on such matters to form the basis for a trial on the merits.

As the court's en banc determination, therefore, aligns with Rule 4014 precepts expressed supra favoring merits review, we deem it appropriate under the circumstances. Finally, we discern no undue burden upon Lerro in our application of the coordinate jurisdiction rule here, as the parties had approximately one year to prepare for trial on the merits following the en banc court's order denying summary judgment.

For the foregoing reasons, we vacate the order granting Lerro's motions in limine and motion to dismiss and remand for proceedings consistent with this decision.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/2019